UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CAROL K.,[1]

                                                      Plaintiff,                  Case # 21-CV-289-FPG

v.                                                                                    DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                                    Defendant.

## INTRODUCTION

Plaintiff Carol K. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied her application for Disability Insurance Benefits ("DIB") under Title II of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 7, 8. For the reasons that follow, the Commissioner's motion is GRANTED, Plaintiff's motion is DENIED, and the complaint is DISMISSED WITH PREJUDICE.

## BACKGROUND

In December 2013, Plaintiff applied for DIB with the Social Security Administration ("the SSA"). Tr.[2] 190. She alleged disability since February 2009, with a date last insured of December 2014. Tr. 190, 620. Plaintiff's application was denied at the administrative level, but her case was remanded on appeal. *See Kelly v. Comm'r of Soc. Sec.*, No. 17-CV-1047, 2019 WL

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 6.

1

2646582 (W.D.N.Y. June 26, 2019). In November 2020, Administrative Law Judge Paul Georger ("the ALJ") issued a decision finding that Plaintiff is not disabled, which constitutes the Commissioner's final decision. Tr. 618-28; *Hatcher v. Saul*, No. 18-CV-2282, 2021 WL 1207315, at *4 (E.D.N.Y. Mar. 31, 2021). This action seeks review of that decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it

imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

**DISCUSSION**

I.  **The ALJ's Decision**

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the alleged onset date to the date last insured. Tr. 620-21. At step two, the ALJ found that Plaintiff has severe impairments of degenerative disc disease of the cervical spine with spondylosis and consequential migraine headaches; degenerative disc disease of the thoracic spine; lumbar facet joint syndrome; fibromyalgia; and osteoarthritis of both hands. Tr. 621. At step three, the ALJ found that her impairments do not meet or medically equal any Listings impairment. Tr. 621-22.

Next, the ALJ determined that Plaintiff retained the RFC to perform a reduced range of light work. Tr. 622. At step four, the ALJ found that Plaintiff could not perform any past relevant work. Tr. 627. At step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. Tr. 627-28. Accordingly, the ALJ concluded that Plaintiff was not disabled. Tr. 628.

II.  **Analysis**

Plaintiff argues that remand is warranted because the ALJ erroneously (a) rejected the opinions of Plaintiff's treating physicians, and (b) relied on his own lay opinion to construct the RFC. The Court concludes that remand is not warranted on these grounds.

   a.  **Plaintiff's Treating Physicians**

Plaintiff argues that the ALJ failed to provide good reasons for giving the opinions of her three treating physicians "little weight."[3] ECF No. 7-1 at 12-19. The Court is not persuaded.

---

[3] The record contains a medical source statement from another treating source—Richelle Brown, P.A. Tr. 1111-15. The ALJ gave this opinion no weight because it was issued in July 2020 and did not purport to relate to the time period at issue. Tr. 626. Plaintiff does not challenge the ALJ's determination with respect to Brown's opinion.

4

"[T]he treating physician rule[4] generally requires deference to the medical opinion of a claimant's treating physician[.]" *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (internal and other citations omitted). Under the treating physician rule, the ALJ must give controlling weight to a treating physician's opinion when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(c)(2); *see also Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (internal citations omitted). When the ALJ does not afford controlling weight to the medical opinion of a treating physician, he must comprehensively consider several factors, the so-called "*Burgess* factors," and set forth the reasons for the weight assigned to the treating physician's opinion. *Halloran*, 362 F.3d at 32. An ALJ commits procedural error by failing to explicitly consider each of these factors, but the error will be considered harmless and the reviewing court will affirm if "a searching review of the record shows that the ALJ has provided 'good reasons' for [his] weight assessment." *Guerra v. Saul*, 778 F. App'x 75, 77 (2d Cir. 2021) (summary order).

In this case, assuming *arguendo* that the ALJ failed to "explicitly apply[] the appropriate factors," ECF No. 7-1 at 14, the ALJ provided a good reason for rejecting the opinions of Plaintiff's treating physicians: they did not translate their medical conclusions into functional terms. *See* Tr. 625-26; *see also, e.g.*, Tr. 405, 426, 586-87. Rather, as the ALJ observed, Plaintiff's treating physicians used workers' compensation standards to discuss the extent of Plaintiff's disability. *See* Tr. 625-26. For example, Leonard Kaplan, D.O., wrote that Plaintiff had a "[m]oderate (50%)" permanent impairment in March 2012, Tr. 450; Andrew Cappuccino,

---

[4] On January 18, 2017, the SSA revised the rules regarding the evaluation of opinion evidence for claims filed after March 27, 2017, and changed the way the Commissioner considers medical opinion evidence and prior administrative medical findings. *See* 20 C.F.R. § 404.1520c; Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017). Because Plaintiff's application was filed before the enactment of the new rules, the Court will apply the rules that were in effect at the time of her application.

M.D., indicated that Plaintiff suffered from "ongoing moderate to marked degree of disability" in November 2012, Tr. 405; and Nikita Dave, M.D., opined in July 2014 that Plaintiff had a "33%" temporary impairment. Tr. 576. These sorts of conclusions are not medical opinions to which any sort of deference is owed, but are instead "opinions on issues reserved to the Commissioner." 20 C.F.R. § 404.1527(d). An ALJ may properly reject a medical opinion to the extent it is framed in terms of workers' compensation "disability" standards. *Accord, e.g.*, *Vallese v. Saul*, No. 19-CV-419, 2020 WL 2703439, at *3 (W.D.N.Y. May 26, 2020) ("With respect to the opinions comprised of 'percentage' estimates, the ALJ was entitled to reject opinions by physicians who attempted to assess the ultimate issue of disability, which is reserved for the Commissioner, and which did not otherwise contain any relevant functional analysis of plaintiff's work-related limitations."). *Tracy Lynn L. v. Comm'r of Soc. Sec.*, No. 20-CV-942, 2021 WL 5851187, at *4 (W.D.N.Y. Dec. 9, 2021). Indeed, it would have been improper for the ALJ to, on his own surmise, translate the physicians' clinical findings and workers' compensation conclusions into specific functional limitations. *See Carla S. v. Comm'r of Soc. Sec.*, No. 19-CV-1405, 2020 WL 7021441, at *4 (W.D.N.Y. Nov. 30, 2020) ("[A]n ALJ is not a medical professional and it is well settled that judges are not allowed to play doctor by using their own lay opinions to fill evidentiary gaps in the record." (internal quotation marks and brackets omitted).

Therefore, the ALJ provided a good reason for giving less weight to the ultimate "disability" conclusions discussed in the opinions of Plaintiff's treating physicians.[5] In reaching this conclusion, the Court does not diverge from the remand order resolving Plaintiff's first appeal. In the remand order, the district court found that the ALJ had erred by assigning limited

---

[5] Plaintiff challenges the other reasons that the ALJ provided for assigning less weight to the treating-physician opinions. *See* ECF No. 7-1 at 14-18. Given the Court's ruling, any such error is harmless. *See Tasha S. v. Comm'r of Soc. Sec.*, No. 20-CV-421, 2021 WL 3367588, at *7 n.5 (W.D.N.Y. Aug. 3, 2021).

weight to the treating-physician opinions on the basis that the physicians used terminology employed in the workers' compensation context. *Kelly*, 2019 WL 2646582, at *3. The district court recognized that terminology like "33% temporary impairment" did not "translate perfectly into Social Security jargon," but concluded that the better course was to have the ALJ "recontact the physicians to develop the record—perhaps by asking them to adapt the language of their opinions to the Social Security context." *Id.* at *3 n.2. On remand, the ALJ recontacted Plaintiff's treating physicians—who "reported that they had no further medical records for [Plaintiff]"—and Plaintiff did not "request any additional time or any assistance in obtaining any evidence." Tr. 618. Plaintiff does not dispute that the ALJ fulfilled the remand order's mandate to develop the record. Having made those efforts to resolve the ambiguities in the physicians' opinions, the ALJ was permitted to render a decision on the record before it and, for the reasons stated, reject the opinions of Plaintiff's treating physicians.

    **b. Reliance on Lay Opinion**

Plaintiff next argues that the ALJ "craft[ed] the physical RFC out of whole cloth" without the benefit of a medical opinion. ECF No. 7-1 at 19. The ALJ rejected the opinions from Plaintiff's treating sources, and he gave only partial weight to the opinion of consultative examiner Abrar Siddiqui, M.D., who did not identify any functional limitations. Tr. 568, 625-26. The ALJ wrote that Dr. Siddiqui's opinion did "not reflect the severity of [Plaintiff's] conditions," and he added several specific functional limitations to Plaintiff's RFC. Tr. 622, 626. Plaintiff asserts that the ALJ's decision erroneously fails to disclose how the ALJ "specifically determined these limitations without expert guidance." ECF No. 7-1 at 23.

Even accepting that the ALJ erred in this respect, Plaintiff has failed to demonstrate a harmful error warranting remand. "As a general matter, where an ALJ imposes a limitation in

his RFC that is *more* restrictive than the relevant medical opinions, there is no error and thus no grounds for remand with respect to that limitation." *Kiyantae N. v. Comm'r of Soc. Sec.*, No. 20-CV-6998, 2022 WL 2758309, at *4 (W.D.N.Y. July 14, 2022). In this case, there was no medical opinion that included greater restrictions than that imposed by the ALJ. As discussed in Section II(a), *supra*, Plaintiff's treating physicians identified no specific functional limitations, let alone greater limitations. And Dr. Siddiqui's identified no functional restrictions whatsoever. Tr. 568. Despite the limited medical-opinion evidence to support greater restriction, the ALJ included several limitations based on "the severity of [Plaintiff's] conditions [and] her subjective complaints." Tr. 626. Given the medical-opinion evidence in the record, Plaintiff cannot show harmful error justifying remand. *See Jacob M. v. Comm'r of Soc. Sec.*, No. 20-CV-1093, 2022 WL 61007, at *5 (W.D.N.Y. Jan. 6, 2022) ("The fact that a limitation was included despite its absence from any medical opinion means simply that the RFC was more generous than the medical opinions required[,] and where an ALJ makes an RFC assessment that is more restrictive than the medical opinions of record, it is generally not a basis for remand.").

## CONCLUSION

For all of the reasons stated, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 8) is GRANTED and Plaintiff's Motion for Judgment on the Pleadings (ECF No. 7) is DENIED. The complaint is DISMISSED WITH PREJUDICE, and the Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: May 1, 2023
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York